# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:<br><br>**Mack Industries, Ltd.**, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Bankruptcy No. 17-09308<br>(Jointly Administered)<br><br>Honorable Carol A. Doyle |
| **Ronald R. Peterson**, as chapter 7 trustee for Mack Industries Ltd.,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>**Ferguson Enterprises Inc.**,<br><br>Defendant-Appellee. | Bankruptcy Adversary No. 19-00436<br><br>District Court No. 20-cv-6992<br><br>Honorable Virginia M. Kendall |

## TRUSTEE'S MOTION TO REASSIGN CASES AS RELATED

Under the local rules, related cases may be reassigned so that they are pending before the same judge. Ronald R. Peterson, as chapter 7 trustee for Mack Industries Ltd., (the "Trustee") filed motions for leave to appeal in four related adversary proceedings, and he settled one of them. The lowest-numbered remaining case is pending before this Court. So that this Court may resolve all the pending issues, the Trustee requests that the later-filed cases be reassigned to this Court.

---

[1] The debtors, with their respective bankruptcy case numbers, are as follows: Mack Industries, Ltd. (17-09308); Oak Park Avenue Realty, Ltd. (17-16651); Mack Industries II, LLC (17-16859); Mack Industries III, LLC (17-17106); Mack Industries IV, LLC (17-17109); Mack Industries V, LLC (18-03445); and Mack Industries VI, LLC (18-03451).

{00197751}

## 1. BACKGROUND.

This appeal arises from an adversary proceeding (that is, a civil suit connected to a bankruptcy case) in which the Trustee is seeking to avoid and recover fraudulent transfers that Mack Industries Ltd. (the "Debtor") made to Ferguson Enterprises Inc. This case is one of 436 similar cases that the Trustee brought to avoid and recover fraudulent and preferential transfers that the Debtor made to various third parties. The gist of the Trustee's complaints is that the Debtor's owners—the McClelland family—used the Debtor to buy goods and services for their other entities while the Debtor was insolvent and as part of an effort to hinder, delay, or defraud the Debtor's creditors. The Trustee is seeking to recover those improper payments for the benefit of the Debtor's creditors. Most of the cases are being heard by a single bankruptcy judge, but two are pending before a different bankruptcy judge.

Several defendants filed motions to dismiss the Trustee's complaint. In one of the cases assigned to the latter judge, the judge ruled that the Trustee had stated a claim and, specifically, found that the Trustee pleaded enough to support his allegation that the Debtor received less than reasonably equivalent value in exchange for the transfers. *See* 11 U.S.C. § 548(a)(1)(B); 740 Ill. Comp. Stat. 160/5(a)(2).

In this case, which remains pending before the judge hearing the bulk of the Trustee's adversary proceedings, the judge ruled that the Trustee had not and could not state a claim because the Debtor received reasonably equivalent value from Ferguson. Based on this, the judge dismissed the Trustee's constructive fraudulent transfer claim against Ferguson with prejudice. The Trustee then filed a notice of appeal and motion for leave to appeal, resulting in this case before the Court.

At around the same time, the judge entered similar rulings in two related cases on motions to dismiss brought by TTS Granite Inc., and by Capital One N.A. and related defendants. The Trustee filed notices of appeal and motions for leave to

appeal in both of those cases. The *TTS* case is pending before Judge Valderrama as case no. 20-cv-6990, and the *Capital One* case is pending before Judge Pacold as case no. 20-cv-6995.

On November 30, 2020, the Trustee filed a motion to reassign the *Ferguson* and *Capital One* matters to the judge hearing the *TTS* matter. The Capital One defendants filed an objection (attached as Exhibit A). The Trustee's motion to reassign remains pending and briefing on the Trustee's motion for leave to appeal remains stayed, but the parties in that case have settled. On May 20, 2021, the bankruptcy court approved the settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure, and the Trustee and TTS will be filing a stipulation to dismiss that appeal on May 27, 2021. When the *TTS* case is dismissed, this case will be the lowest-numbered remaining case.

In the interim, the bankruptcy judge entered a similar ruling in another related case on a motion to dismiss brought by Synchrony Bank and Lowes Companies. The Trustee filed a notice of appeal and a motion for leave to appeal in that case as well. The *Synchrony* case was pending before Judge Alonso as case no. 21-cv-1519, but the Synchrony defendants filed a motion to reassign in the *Capital One* case pending before Judge Pacold, who granted the motion. The Trustee filed a motion to reassign the *Synchrony* matter to the judge hearing the *TTS* case, but that motion, too, remains pending and will be mooted. The Synchrony defendants opposed reassignment to the judge hearing the *TTS* case.

On May 19, 2021, the bankruptcy judge issued an opinion in the adversary proceeding *Peterson v. Premier Electric Services Corp.*, pending as case no. 19-a-148, granting that defendant's motion to dismiss on the same grounds as *TTS*, *Ferguson*, and *Capital One*. The Trustee intends to file a motion for leave to appeal in that matter as well and will seek reassignment if it is not automatically assigned to this Court.

So that all the appeals addressing the same issues are pending before the same district judge, the Trustee seeks reassignment of the *Capital One* and *Synchrony* cases to this Court.

## 2. DISCUSSION.

The Local Rules of the United States District Court for the Northern District of Illinois provide a mechanism for related cases to be heard by the same judge:

> A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria are met:
> 
> (1) both cases are pending in this Court;
> 
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
> 
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
> 
> (4) the cases are susceptible of disposition in a single proceeding.

Local R. 40.4(b). Two civil cases may be related if "the cases involve some of the same issues of fact or law[.]" Local R. 40.4(a)(2). A motion for reassignment based on relatedness must: "(1) set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of section (a), and (2) indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related." Local R. 40.4(c).

The *Capital One* and *Synchrony* cases involve the same issues of fact and law as this case. Both appeals arise from the bankruptcy judge's ruling—on a motion to dismiss—that the Debtor received reasonably equivalent value from the defendants. A copy of the underlying opinion in *Ferguson* is attached as Exhibit B, in *Capital One* as Exhibit C, and in *Synchrony* as Exhibit D. The judge's ruling was

{00197751}  —4—

substantially similar in each case, and the Trustee's motion for leave to appeal in each case raises the same issues that are at issue in this case. Although each case involves different defendants and slightly different underlying fact patterns, that does not prevent reassignment: the rule requires only that the cases share "some" factual and legal issues. Because the pending cases involve many of the same issues, the requirements of Local Rule 40.4(a) are met.

The requirements of Local Rule 40.4(b) are met, too. The *Capital One* and *Synchrony* cases are pending before the United States District Court for the Northern District of Illinois, the same court as this case. Because the issues are substantially similar in each case, the handling of all three cases by this Court would avoid duplication of judicial time and effort. This case would not be delayed by designating the later-filed cases as related—if anything, it would allow briefing to proceed to the Trustee's motions for leave to appeal. The defendants in the *Capital One* and *Synchrony* matters have opposed reassignment. However, because the issues are substantially similar, this Court can and should dispose of all cases in a single proceeding.

**Wherefore**, because the *Capital One* and *Synchrony* cases are substantially similar to this case, the Trustee respectfully requests that the Court reassign those cases to this Court and grant any other relief as is appropriate in the circumstances.

Dated: May 25, 2021 

Respectfully submitted,

**Ronald R. Peterson**, as chapter 7 trustee for Mack Industries Ltd.

By: /s/ Jeffrey K. Paulsen
One of His Attorneys

Jeffrey K. Paulsen (6300528)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-0969

{00197751} —5—

Fax: (847) 574-8233
Email: jpaulsen@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Jeffrey K. Paulsen, an attorney, hereby certify that on May 25, 2021, I caused a copy of the foregoing *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by U.S. Mail and e-mail on all other persons identified on the Service List.

/s/ Jeffrey K. Paulsen

## SERVICE LIST

**Registrants**
(Service via CM/ECF)

Blair R. Zanzig
Reed Heiligman
Hiltz Zanzig & Heiligman LLC
53 W. Jackson Blvd., Ste. 701
Chicago, IL 60604
(312) 253-4874
reed@hzhlaw.com
bzanzig@hzhlaw.com
*Counsel to Appellee in Case No. 20-6992, Ferguson Enterprises Inc.*

**Non-Registrants**
(Service via U.S. Mail, e-mail)

Jeff Pilgrim
Matthew O. Stromquist
Pilgrim Christakis LLP
321 N. Clark St., 26th Floor
Chicago, IL 60654
(312) 939-0923
jpilgrim@pilgrimchristakis.com
mstromquist@pilgrimchristakis.com
*Counsel to Appellees in Case No. 20-6995, Capital One N.A., Capital One Financial Corp., and Menard Inc.*

Tara L. Elgie
Allison Jacobsen
Hunton Andrews Kurth LLP
1445 Ross Ave., Ste. 300

Dallas, TX 75202
(214) 979-3000
telgie@HuntonAK.com
ajacobsen@HuntonAK.com
*Counsel to Appellees in Case No. 20-6995, Capital One N.A., Capital One Financial Corp., and Menard Inc.*

Ann E. Pille
Reed Smith LLP
10 S. Wacker Drive, 40th Floor
Chicago, IL 60606
(312) 207-3870
apille@reedsmith.com
*Counsel to Appellee in Case No. 21-1519, Synchrony Bank and Lowes's Companies, Inc.*