**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 1:17-bk-09308 |
| MACK INDUSTRIES, LTD, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Honorable Carol A. Doyle |
| RONALD R. PETERSON, as Chapter 7 ) | |
| Trustee for Mack Industries, Ltd., ) | |
| ) | |
| Plaintiff/Appellant, ) | |
| ) | Adversary Case No.: 19-00522 |
| v. ) | |
| ) | District Court Case No.: 20-cv-06992 |
| Ferguson Enterprises Inc., ) | |
| ) | The Honorable Virginia M. Kendall |
| Defendants/Appellees. ) | |

**CAPITAL ONE, N.A., CAPITAL ONE FINANCIAL CORP, AND
MENARD INC.'S MOTION FOR LEAVE TO FILE A RESPONSE TO
THE TRUSTEE'S MOTION TO REASSIGN CASES AS RELATED**

Capital One, N.A., Capital One Financial Corp., and Menard Inc. (collectively, the "Capital One Defendants"), the Defendants-Appellees in *Peterson v. Capital One, N.A.*, Case. No. 20-cv-6995, pending before Judge Pacold, respectfully request leave to file a Response to the Trustee's Motion to Reassign Cases as Related (ECF No. 13). In support, the Capital One Defendants state as follows:

1. On November 25, 2020, Ronald R. Peterson, as Chapter 7 trustee for Mack Industries Ltd., (the "Trustee") filed a Notice of Appeal and Motion for Leave to Appeal an interlocutory dismissal order entered in an adversary proceeding pending in the U.S. Bankruptcy Court for the Northern District of Illinois, captioned *Peterson v. Capital One, N.A., et al*. The *Capital One* case is pending in the District Court before Judge Pacold as Case No. 20-cv-6995.

2. On the same day, the Trustee filed Notices of Appeal and Motions for Leave to Appeal in two other adversary proceedings, including in this case and in *Peterson v. TTS Granite Inc.*, Case No. 20-cv-6990 (pending before Judge Valderrama).

3. Thereafter, the Trustee filed a Motion to Reassign in the *TTS Granite* case—the first-filed of the three district court actions—asking to reassign the *Capital One* case and this case with the *TTS Granite* case as "related." Capital One opposed the reassignment and filed a response, which the Trustee attached to his motion in this case as Exhibit A. But now that the Trustee has apparently settled with TTS Granite, the Trustee's motion filed in the *TTS Granite* case is moot.

4. In the interim, the Bankruptcy Judge granted Synchrony Bank and Lowes Companies' motion to dismiss the Trustee's constructive fraud claim against them and the Trustee then filed a Notice of Appeal and Motion for Leave to Appeal that ruling, which case has now been reassigned with the *Capital One* case pending before Judge Pacold (20-cv-6995).

5. Now, the Trustee has filed yet another motion to reassign—identical in almost all respects to its prior motion to reassign filed before Judge Valderrama—asking that the *Capital One* and *Synchrony* cases be reassigned with this case. (ECF No. 13.) Undersigned counsel for the Capital One Defendants conferred with Trustee's counsel regarding this Motion for Leave. Trustee's counsel opposes leave being granted and believes it would be a waste of time and resources on what he deems a "simple administrative matter."

6. If allowed leave to file a response, the Capital One Defendants would explain that the Trustee's Motion to Reassign does not come close to satisfying his burden to

2

establish that reassignment is proper under Local Rule 40.4. While the Trustee is required to specifically identify in his motion why each requirement of LR 40.4 is met, *see Teamsters Local 705 Pension v. A.D. Conner, Inc.*, 2011 WL 1674839, at *1 (N.D. Ill. May 4, 2011), the Trustee merely restates the requirements and conditions for reassignment under LR 40.4, asserts that the cases are related just because the bankruptcy court ultimately concluded that the debtor (Mack Industries) had received "reasonably equivalent value" from the disparate defendants through disparate transactions involving disparate factual circumstances, and then attaches the dismissal orders from the various cases apparently expecting the Court to sift through them to determine if LR 40.4 is satisfied. In doing so, the Trustee ignores the distinct allegations and controlling issues of law at issue in the *Capital One* and *Synchrony* cases, choosing instead to simply parrot the language of LR 40.4. *See Id.* (rejecting the movant's "conclusory assertions" and explaining that "failure to satisfy the pleading requirement [under LR 40.4], in and of itself, serves as adequate grounds for denying the motion).

7. Accordingly, the Capital One Defendants respectfully request leave to file their Response to the Trustee's Motion to Reassign within five (5) business days after entry of the Court's Order granting such request.

Dated: May 26, 2021

                                      CAPITAL ONE, N.A., CAPITAL ONE
                                      FINANCIAL CORP., and MENARD INC.

                                      By: /s/ Matthew O. Stromquist
                                             One of their attorneys

Jeffrey D. Pilgrim
Matthew O. Stromquist
PILGRIM CHRISTAKIS LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
(312) 939-0923
jpilgrim@pilgrimchristakis.com
mstromquist@pilgrimchristakis.com

**CERTIFICATE OF SERVICE**

    I, Matthew O. Stromquist, an attorney, certify that on May 26, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF system.

    */s/ Matthew O. Stromquist*